# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

ALBERT AVALOS,

           Plaintiff,

   v.

N. HASHEMI,

           Defendant.

)
)
)
)
)
)
)
)
)
)
)
)

1:16-cv-00364-BAM (PC)

ORDER REQUIRING PLAINTIFF TO FILE
AMENDED COMPLAINT

THIRTY-DAY DEADLINE

## I.    Screening Requirement

Plaintiff Albert Avalos ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action under 42 U.S.C. § 1983.  Plaintiff's complaint, filed on March 18, 2016, is currently before the Court for screening.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard.  Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

## II.     Plaintiff's Allegations

The events in the complaint are alleged to have occurred while Plaintiff was housed at California Substance Abuse Treatment Facility ("CSATF").  Plaintiff names CSATF employee Dr. N. Hashemi as the defendant ("Defendant"), in both his/her individual and official capacities. Plaintiff alleges as follows:

1.  At all times relevant to his claim, Albert Avalos was incarcerated at the Substance Abuse and Treatment Facility and State Prison in Corcoran California within this District.
2.  At all time relevant to this claim state actor Defendant Dr. N. Hashemi was assigned as Plaintiff Primary Care Physician (PCP).
3.  Plaintiff injured his left shoulder on June 14, 2014, while engaged in prison work.
4.  On June 14, 2014, plaintiff had an X-ray performed. The x-ray revealed no bone fracture and Dr. J. Metts alleged the shoulder would heal in 90 days. Dr. N. Hashemi concurred with Dr. Metts professional judgment on the shoulder healing in 90 days.
5.  In March of 2015 plaintiff had a MRI, which discovered rotator cuff tear of left shoulder.
6.  Plaintiff was subjected to Cruel and Unusual punishment in violation of the Eight Amendment for Dr. N. Hashemi refusal to provide pain medications of a shoulder injury plaintiff sustained while he was engaged in prison work.
7.  Dr. N. Hashemi was deliberate indifference to plaintiff medical needs based on delaying treatment from June 14, 2014 to March 2015.

8. Dr. N. Hashemi failed to prescribe adequate medication for his pain, even though he was in excruciating pain.

9. Dr. N. Hashemi lack of appropriate medical treatment resulted in the loss off 70% (percent) of plaintiff movement of his left arm, which left him permanent disabled.

10. Dr. N. Hashemi was aware of plaintiff's need for prescribes pain medications, based on conversation he had with Dr. N. Hashemi, and the contents of his internal appeal.

11. Dr. N. Hashemi refused to evaluate plaintiff after the incident of June 14, 2014, and said there nothing wrong with your shoulder.

12. Plaintiff informed Dr. N. Hashemi that his shoulder is worsening, causing daily pain and he received no treatment for over nine (9) months, and despite Dr. N. Hashemi awareness of the injured shoulder, and plaintiff request for pain medications, plaintiff was continued to be ignored by Dr. N. Hashemi for approximately nine (9) months.

13. Plaintiff suffered physical injury to his left arm, which caused him permanent damage to his left arm.

(ECF No. 1, p. 2) (unedited text).  Plaintiff asserts claims for deliberate indifference in violation of the Eighth Amendment, and seeks declaratory and injunctive relief, compensatory damages, prejudgment interest, attorney's fees, and costs.

### III.   Discussion

#### A.   Federal Rule of Civil Procedure 8

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ibid. (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id.; see also Twombly, 550 U.S. at 556-57.

Plaintiff's complaint is short, but does not contain a plain statement of his claims. It is disjointed, confusing, and contains conclusory allegations with little to no factual support. Plaintiff's complaint is unclear as to, *inter alia*, the number of times Plaintiff visited Defendant for medical help, the extent to which Defendant refused to provide medication, who conducted

the MRI, the extent to which Defendant was familiar with Plaintiff's administrative appeals, and whether Defendant was even the treating physician for Plaintiff's initial injury.

### B.   Official Capacity – Eleventh Amendment

Plaintiff attempts to sue Defendant in both his individual and official capacities.

The Eleventh Amendment prohibits suits for monetary damages against a State, its agencies, and state officials acting in their official capacities. <u>Aholelei v. Dept. of Public Safety</u>, 488 F.3d 1144, 1147 (9th Cir. 2007).  A suit against a state official in his official capacity equates to a suit against the state employing that official, <u>Hafer v. Melo</u>, 502 U.S. 21, 25, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991), effectively barring a plaintiff from suing on these grounds. However, the Eleventh Amendment does not bar a suit for monetary damages against a state official sued in his individual capacity. <u>Id.</u>

 Plaintiff's claims against Defendant in his official capacity are tantamount to suing the State. As a result, Plaintiff's claims against Defendant in his official capacity cannot stand, and are barred by the Eleventh Amendment.  However, Plaintiff is not precluded from suing Defendant for monetary damages in his individual capacity.

### C.   Eighth Amendment – Denial of Medical Care

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show "deliberate indifference to serious medical needs.'" <u>Jett v. Penner</u>, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting <u>Estelle v. Gamble</u>, 429 U.S. 97, 104, 97 S. Ct. 285, 291 (1976)).  The two part test for deliberate indifference requires the plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." <u>Jett</u>, 439 F.3d at 1096.

Deliberate indifference is shown where the official is aware of a serious medical need and fails to adequately respond. <u>Simmons v. Navajo County, Arizona</u>, 609 F.3d 1011, 1018 (9th Cir. 2010). "Deliberate indifference is a high legal standard." <u>Simmons</u>, 609 F.3d at 1019; <u>Toguchi v. Chung</u>, 391 F.3d 1051, 1060 (9th Cir. 2004).  The prison official must be aware of facts from which he could make an inference that "a substantial risk of serious harm exists" and he must

make the inference.  Farmer v. Brennan, 511 U.S. 825, 837, 114 S. Ct. 1970, 1979 (1994).

Further, negligence, inadvertence, or differences of medical opinion between the prisoner and

health care providers, however, do not violate the Eighth Amendment. See Jackson v. McIntosh,

90 F.3d 330, 332 (9th Cir. 1996); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Lyons v.

Busi, 566 F.Supp.2d 1172, 1191-1192 (E.D. Cal. 2008).

The Court finds that Plaintiff has not sufficiently stated a claim for deliberate indifference

in violation of the Eighth Amendment against Defendant. For the same reasons stated above,

Plaintiff's complaint is disjointed, confusing, and contains conclusory allegations with little to no

factual support. As the complaint currently stands, the Court cannot conclude that Plaintiff has

stated a claim for deliberate indifference in violation of the Eighth Amendment.

### D.  Declaratory Relief

In addition to monetary damages, Plaintiff seeks a declaration that his rights were

violated.  "A declaratory judgment, like other forms of equitable relief, should be granted only as

a matter of judicial discretion, exercised in the public interest."  Eccles v. Peoples Bank of

Lakewood Village, 333 U.S. 426, 431 (1948).  "Declaratory relief should be denied when it will

neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate

the proceedings and afford relief from the uncertainty and controversy faced by the parties."

United States v. Washington, 759 F.2d 1353, 1357 (9th Cir. 1985).  In the event that this action

reaches trial and the jury returns a verdict in favor of Plaintiff, that verdict will be a finding that

Plaintiff's constitutional rights were violated.  Accordingly, a declaration that Defendant violated

Plaintiff's rights is unnecessary.

### IV.   Conclusion and Order

Plaintiff's complaint fails to state a cognizable Eighth Amendment claim against

Defendant, in either his individual or official capacity. The Court will provide Plaintiff with the

opportunity to file an amended complaint curing the deficiencies identified by the Court in this

order.  Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).  Plaintiff must state what the

Defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at

678-79.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right

to relief above the speculative level. . . ." <u>Twombly</u>, 550 U.S. at 555 (citations omitted).  Plaintiff also may not change the nature of this suit by adding new, unrelated claims in his amended complaint. <u>George v. Smith</u>, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. <u>Lacey v. Maricopa Cnty.</u>, 693 F.3d 896, 927 (9th Cir. 2012) (en banc).  Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading."  Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1.    The Clerk's Office shall send Plaintiff a civil rights complaint form;

2.    Plaintiff's complaint is dismissed with leave to amend for failure to state a claim upon which relief can be granted;

3.    Within thirty (30) days from the date of service of this order, Plaintiff must file an amended complaint curing the deficiencies identified by the Court in this order; and

4.    If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order and for failure to state a claim.

IT IS SO ORDERED.

Dated:   **November 10, 2016**          /s/ *Barbara A. McAuliffe*

UNITED STATES MAGISTRATE JUDGE

6