# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERT AVALOS,<br><br>    Plaintiff,<br><br>v.<br><br>HASHEMI,<br><br>    Defendant. | Case No. 1:16-cv-00364-AWI-BAM (PC)<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES<br><br>(ECF No. 21)<br><br>**FOURTEEN (14) DAY DEADLINE** |

## FINDINGS AND RECOMMENDATIONS

### I. Background

Plaintiff Albert Avalos ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's first amended complaint against Defendant Hashemi for deliberate indifference to a serious medical need in violation of the Eighth Amendment.

On November 14, 2017, Defendant filed a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56, on the ground that Plaintiff failed to exhaust administrative remedies.[1] Fed. R. Civ. P. 56(c), Albino v. Baca, 747 F.3d 1162, 1166 (9th Cir. 2014) (en banc), cert. denied, 135 S. Ct. 403 (2014). (ECF No. 21.) On December 27, 2017, Plaintiff filed his opposition to the motion for summary judgment. (ECF No. 26.) Defendants filed a reply on

---

[1] Concurrent with this motion, Plaintiff was provided with notice of the requirements for opposing a motion for summary judgment. See Woods v. Carey, 684 F.3d 934 (9th Cir. 2012); Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1988); Klingele v. Eikenberry, 849 F.2d 409, 411–12 (9th Cir. 1988). (ECF No. 21, p. 2.)

1

January 9, 2018. (ECF No. 29.) The motion is deemed submitted. Local Rule 230(l).

**II.     Legal Standard**

    **A.     Statutory Exhaustion Requirement**

Section 1997e(a) of the Prison Litigation Reform Act of 1995 provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741 (2001), and the exhaustion requirement applies to all prisoner suits relating to prison life, Porter v. Nussle, 534 U.S. 516, 532 (2002).

The failure to exhaust is an affirmative defense, and the defendants bear the burden of raising and proving the absence of exhaustion. Jones v. Bock, 549 U.S. 199, 216 (2007); Albino, 747 F.3d at 1166. "In the rare event that a failure to exhaust is clear on the face of the complaint, a defendant may move for dismissal under Rule 12(b)(6)." Albino, 747 F.3d at 1166. Otherwise, the defendants must produce evidence proving the failure to exhaust, and they are entitled to summary judgment under Rule 56 only if the undisputed evidence, viewed in the light most favorable to the plaintiff, shows he failed to exhaust. Id.

Defendants must first prove that there was an available administrative remedy and that Plaintiff did not exhaust that available remedy. Williams v. Paramo, 775 F.3d 1182, 1191 (9th Cir. 2015) (citing Albino, 747 F.3d at 1172) (quotation marks omitted). The burden then shifts to Plaintiff to show something in his particular case made the existing and generally available administrative remedies effectively unavailable to him. Williams, 775 F.3d at 1191 (citing Albino, 747 F.3d at 1172) (quotation marks omitted). The ultimate burden of proof on the issue of exhaustion remains with Defendants. Id. (quotation marks omitted).

    **B.     Summary Judgment Standard**

Any party may move for summary judgment, and the Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a) (quotation marks omitted); Albino,

747 F.3d at 1166; Wash. Mut. Inc. v. United States, 636 F.3d 1207, 1216 (9th Cir. 2011). Each party's position, whether it be that a fact is disputed or undisputed, must be supported by (1) citing to particular parts of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) showing that the materials cited do not establish the presence or absence of a genuine dispute or that the opposing party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1) (quotation marks omitted). The Court may consider other materials in the record not cited to by the parties, although it is not required to do so. Fed. R. Civ. P. 56(c)(3); Carmen v. S.F. Unified Sch. Dist., 237 F.3d 1026, 1031 (9th Cir. 2001); accord Simmons v. Navajo Cty., Ariz., 609 F.3d 1011, 1017 (9th Cir. 2010).

The defendants bear the burden of proof in moving for summary judgment for failure to exhaust, Albino, 747 F.3d at 1166, and they must "prove that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy," id. at 1172. If the defendants carry their burden, the burden of production shifts to the plaintiff "to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." Id. "If undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56." Id. at 1166. However, "[i]f material facts are disputed, summary judgment should be denied, and the district judge rather than a jury should determine the facts." Id.

**III.  Discussion**

  **A.  Summary of CDCR's Administrative Review Process**

The California Department of Corrections and Rehabilitation ("CDCR") has an administrative grievance system for prisoner complaints. Cal. Code Regs., tit. 15 § 3084.1. Pursuant to this system, an inmate may appeal "any policy, decision, action, condition, or omission by the department or its staff that the inmate . . . can demonstrate as having a material adverse effect upon his . . . health, safety, or welfare." Id. at § 3084.1(a).

The process is initiated by submitting a CDCR Form 602, Inmate/Parolee Appeal. Id. at § 3084.2(a). In the appeal form, prisoners must list all staff members involved and describe their

involvement in the issue. Id. at § 3084.2(a)(3). If the inmate does not have the requested identifying information about the staff member, he must provide any other available information that would assist the appeals coordinator in making a reasonable attempt to identify the staff member in question. Id.

Three levels of review are involved—a first level review, a second level review and a third level review. Id. at §§ 3084.5(c)–(e), 3084.7. Bypassing a level of review may result in rejection of the appeal. Id. at § 3084.6(b)(15). Under the PLRA, a prisoner has exhausted his administrative remedies when he receives a decision at the third level. See Barry v. Ratelle, 985 F.Supp. 1235, 1237–38 (S.D. Cal. 1997).

### B. Summary of Relevant Allegations

The events in the complaint are alleged to have occurred at while Plaintiff was housed at the California Substance Abuse Treatment Facility ("CSATF") in Corcoran, California, where Plaintiff is currently housed. Plaintiff names Dr. N. Hashemi as the sole defendant.

Plaintiff alleges that he had a serious fall on July 14, 2014, while performing his duties in the G Facility Kitchen at CSATF. On the same day, Plaintiff went to the Correction Treatment Center for x-rays. After the x-rays, Plaintiff saw Defendant on July 16, 2014. Plaintiff explained the violent nature of his fall, including how he slipped and fell on his left hand/arm, which slipped behind his back. At the time, Plaintiff weighed 230 pounds, which made the fall serious. Plaintiff asserts that Defendant examined the bruising to Plaintiff's left shoulder down to his bicep. Defendant indicated that it would heal in 90 days and prescribed Ibuprofen for pain.

Weeks later, after the bruising went away, Plaintiff noticed that his left arm was healing crooked/restricted. Plaintiff again saw Defendant, and showed him how the left arm was healing crooked/restricted. Defendant indicated that it would straighten and the pain would go away. According to Plaintiff, the injury was very noticeable, and you could see the crookedness/restriction.

After a few more weeks without change, Plaintiff began submitting 602 appeals and reasonable accommodations. Plaintiff then saw Defendant for a third time. At that time, Defendant ordered an injection and physical therapy. Plaintiff reportedly did not receive the

4

injection or therapy until a month later, and the therapy was for once a week for only a month.

By the time of Plaintiff's fourth visit with Defendant, his shoulder/arm had healed crooked/restricted and he was in constant pain. Plaintiff asked Defendant to respond to his deformity and weak left arm. Defendant finally ordered a MRI nine months after the injury. Plaintiff alleges that during these nine months he was in constant pain and was emotionally stressed about losing 50 percent strength and permanent damage to his left shoulder/arm.

The MRI showed three torn ligaments to the left rotator cuff. On Plaintiff's fifth visit, Defendant sent Plaintiff to a specialist, who performed surgery on December 3, 2015, and sent Plaintiff to physical therapy twice a week for five months. After surgery and therapy, Plaintiff's left shoulder/arm is still crooked/restricted and there is permanent damage and pain.

### C. Undisputed Material Facts (UMF)[2]

1. On March 20, 2017, Plaintiff filed a First Amended Complaint alleging that Defendant Hashemi was deliberately indifferent in treating Plaintiff's left shoulder/arm. (ECF Nos. 9, 10.)

2. Plaintiff filed one Health Care Appeal, tracking number SATF HC 14060575, regarding medical care Plaintiff received from Defendant. (Marquez Decl., ¶ 8 & Exs. 1 (Lewis Decl.), 4 (Plaintiff's Responses to Special Interrogatories, Set One), 5 (Plaintiff's Responses to Request for Production of Documents, Set One).)[3]

3. On October 28, 2014, Plaintiff submitted Health Care Appeal, tracking number SATF HC 14060575, to the First Level. (Marquez Decl., ¶ 8 & Exs. 1, 5, 6.)

4. Plaintiff's Health Care Appeal, tracking number SATF HC 14060575, was partially granted at the First Level. (Marquez Decl., ¶ 8 & Exs. 1, 5, 6.)

---

[2] ECF No. 21-2. Plaintiff did not provide a separate statement of undisputed facts in his opposition. Local Rule 260(a). As a result, Defendant's Statement of Undisputed Material Facts in support of the motion for summary judgment is accepted except where brought into dispute by Plaintiff's verified First Amended Complaint and Opposition to the motion for summary judgment. See Jones v. Blanas, 393 F.3d 918, 923 (9th Cir. 2004) (verified complaint may be used as an opposing affidavit if it is based on pleader's personal knowledge of specific facts which are admissible in evidence); Johnson v. Meltzer, 134 F.3d 1393, 1399–1400 (9th Cir. 1998) (same, with respect to verified motions).

[3] In her motion, Defendant cites to Lewis Decl., Exs. 5 and 6. However, the responses referenced are included as Exhibits 4 and 5 to the Lewis Declaration. The Court has corrected this oversight throughout the Undisputed Material Facts.

|  |  |
|---|---|
| 1 | 5. Plaintiff's Health Care Appeal, tracking number SATF HC 14060575, was not submitted |
| 2 | to the Second or Third Level. (Marquez Decl., ¶ 8 & Exs. 1, 5, 6.) |
| 3 | 6. Prior to filing this action on March 18, 2016, Plaintiff did not exhaust administrative |
| 4 | remedies against Defendant. (Marquez Decl., ¶ 8 & Exs. 1, 5, 6.) |

### D. Discussion

Defendant argues that Plaintiff did not exhaust his administrative remedies because Plaintiff admits that he filed only one Health Care Appeal, SATF HC 14060575, regarding medical care received from Defendant, and that appeal was not submitted to the Second or Third Level.

In opposition, Plaintiff argues that SATF HC 14060575 was "granted in part," and that he received medical treatment pursuant to that appeal decision. The compensation he requested was beyond the scope of the medical appeal process. Plaintiff therefore contends that, pursuant to Harvey v. Jordan, 605 F.3d 681, 683–84 (9th Cir. 2010), he was not obligated to appeal from this partial grant of relief in order to exhaust his administrative remedies.

In reply, Defendant argues that Plaintiff's reliance on Harvey is misplaced, because Plaintiff, unlike the prisoner in Harvey, received the relief granted in the appeal. Because Plaintiff did not file a new grievance or appeal SATF HC 14060575 to the next level, the prison had no notice that Plaintiff was dissatisfied with the relief granted, or that Plaintiff desired the specific relief of a MRI.

The Court finds that Defendant has carried the burden to demonstrate that there was an available administrative remedy, but Plaintiff failed to exhaust that remedy in connection with his deliberate indifference claim against Defendant. At the First Level, Plaintiff was granted relief in the form of a Kenolog injection and physical therapy for his shoulder, and Plaintiff does not allege that he never received that treatment. Plaintiff's subsequent failure to appeal that decision in a separate grievance or at the next level of review therefore failed to place the prison on notice that Plaintiff's original problem had not been fully resolved.

The burden therefore shifts to Plaintiff to demonstrate that the existing and generally available administrative remedy was effectively unavailable to him. The Court finds that Plaintiff

has failed to carry this burden.  Based on a review of the allegations in the FAC, the Court cannot find that Plaintiff was satisfied with the relief he received at the First Level, which undercuts his argument that it was unnecessary to submit an appeal to the next level.  Plaintiff has otherwise presented no explanation, aside from his misunderstanding of the Harvey decision, for his failure to appeal SATF HC 14060575 to the next level in order to pursue a MRI for his shoulder or any further medical treatment he felt was warranted.  Nor does Plaintiff argue that he was "reliably informed by an administrator that no [further] remedies are available."  Harvey, 683–84.  In fact, the Health Care Appeal form specifically provides instructions for appealing to the next level if an inmate is dissatisfied with a First Level response.  (ECF No. 21-4, p. 12.)

Based on these reasons, the Court finds that Plaintiff has not exhausted his administrative remedies with regard to his deliberate indifference claim against Defendant and that he should not be excused from the failure to exhaust.

## IV. Conclusion and Recommendation

Based on the foregoing, IT IS HEREBY RECOMMENDED that Defendant's motion for summary judgment for failure to exhaust administrative remedies, (ECF No. 21), be GRANTED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **September 5, 2018**        /s/ Barbara A. McAuliffe
                                    UNITED STATES MAGISTRATE JUDGE